UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23649-BLOOM/Becerra

ARLEN HOUSE CONDOMINIUM
ASSOCIATION, INC., and ARLEN
HOUSE WEST CONDOMINIUM
ASSOCIATION, INC,

    Plaintiffs,

v.

ROCKHILL INSURANCE COMPANY,
*et al*.,

    Defendants.
_____/

## ORDER ON MOTION TO STAY ACTION

**THIS CAUSE** is before the Court on Defendant Rockhill Insurance Company's Motion to Stay Action Pending Ruling on Motion to Dismiss, filed on March 22, 2023. ECF No. [87] ("Motion").

In the Motion, Defendant requests that this Court stay the action pending the Court's decision on Rockhill's motion to dismiss Plaintiffs' Amended Complaint for failure to file suit within the applicable statute of limitations, ECF No. [70]. The deadline for Plaintiffs to file and serve an opposing memorandum was April 5, 2023, but Plaintiffs have not filed that memorandum as of the date of this Order.[1]

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery

---

[1] Pursuant to Local Rule 7.1(c)(1), a party that opposes a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion and that failure to do so may be deemed sufficient cause for granting the motion by default.

"are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53. "[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

As an initial matter, the Court does not find that Defendant has demonstrated that discovery would be unduly burdensome, much less has Defendant made a "specific showing" of prejudice or difficulty that is required to impose a stay on discovery. Discovery in this case is scheduled to close on July 11, 2023, according to this Court's Scheduling Order. ECF No. [71]. Rather, Defendant submits that its motion to dismiss is case dispositive and meritorious in light of supplemental authorities entered on February 2023 from this District that Defendant contends

reject the arguments that Plaintiffs' raise in their opposition to the motion to dismiss. ECF No. [87] at 2-3. Since a motion to dismiss on the grounds that the limitations period has run is truly case dispositive,[2] the issue here is whether the merits of Defendant's motion are "clearly meritorious." *See Feldman*, 176 F.R.D. at 652-53. In its response to Defendant's motion to dismiss, Plaintiffs argue in part that its claims should be equitably tolled on the grounds that it diligently and reasonably complied with the plain language of Florida Statute § 627.70152.[3] ECF No. [80] at 18-21 (citing *Frazier v. Baker Material Handling Corp.*, 559 So. 2d 1091, 1092 (Fla. 1990)). It appears that Defendant does not address that argument in its Reply. *See* ECF No. [81] at 8-11 (responding to Plaintiffs' argument on equitable estoppel). As such, "it is not so clear on its face that there appears to be an immediate and clear possibility that [the motion to dismiss] will be granted" on the Court's "preliminary peek" of the merits of that motion. *Feldman*, 176 F.R.D. at 653 (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C.1988)).

On balance, the possibility that the Court will ultimately grant motion to dismiss does not outweigh the harm produced by a delay in discovery, expected to be completed shortly on July 11, 2023. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Stay Action Pending Ruling on Motion to Dismiss, ECF No. [87], is **DENIED**.

---

[2] *See Brandt v. Lazard Freres & Co., LLC*, No. 96-2653-CIV-DAVIS, 1997 WL 469325, at *5 (S.D. Fla. Aug. 1, 1997) (dismissing action on grounds that claims were time barred).

[3] Florida State § 627.70152 the statute on which it relies to argue that the limitations period here had been tolled for ten (10) days on account of Plaintiff providing notice of litigation within the limitations period and before the end of that 10-day period.

Case No. 22-cv-23649-BLOOM/Becerra

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 10, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record