UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-23649-BB/Becerra

ARLEN HOUSE CONDOMINIUM
ASSOCIATION, INC. *et al.*,

    Plaintiffs,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**
**ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**THIS CAUSE** came before the Court upon Defendant Rockhill Insurance Company's Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion").[1] ECF No. [70]. Plaintiffs Arlen House Condominium Association, Inc. and Arlen House West Condominium Association, Inc. (together "Arlen House") filed a Response with supporting exhibits, ECF No. [80], and Defendant filed a Reply, ECF No. [81]. Defendant also filed four Notices of Supplemental Authority, ECF Nos. [84], [85], [86], [101], and Plaintiffs filed two Notices of Supplemental Authority, ECF Nos. [92], [95]. Additionally, Defendant filed a response to Plaintiffs' Second Notice of Supplemental Authority. ECF No. [96]. Further, the Parties appeared for an oral argument on this matter ("Hearing"). ECF No. [93]. Upon due consideration of the Parties' legal memoranda, the Notices of Supplemental Authority, argument of counsel and the applicable law, it is hereby **RECOMMENDED** that the Motion to Dismiss be **DENIED**.

---

[1] This matter was referred to the undersigned by the Honorable Beth Bloom, United States District Judge. ECF No. [77].

## I. BACKGROUND

This is an action for breach of an insurance contract arising out of property damage allegedly caused by Hurricane Irma. The facts relevant to the Motion are undisputed. Defendant issued a commercial property insurance contract to Plaintiffs effective December 14, 2016 through December 14, 2017 (the "Policy"). ECF Nos. [65] at ¶¶ 25-26; [70] at 3. Plaintiffs made a claim under the Policy for wind damage allegedly caused to the Arlen House condominiums and clubhouse by Hurricane Irma on September 10, 2017. ECF Nos. [65] at ¶¶ 30-31; [70] at 3. Defendant did not pay the claim or make a coverage determination. ECF No. [65] at ¶ 36.

On September 8, 2022, in accordance with the requirements of Florida Statute § 627.70152, Plaintiffs filed a Notice of Intent to Initiate Litigation with the Florida Department of Financial Services. *Id.* at ¶ 38. Although the statute requiring that an insured give notice to the insurer as a condition precedent to filing suit was enacted in July 2021, after the date of Plaintiffs' insurance policy, Arlen House relied on the statute's express language that it applied "exclusively to all suits arising under a residential or commercial property insurance policy, including a residential or commercial property insurance policy issued by an eligible surplus lines insurer." FLA. STAT. § 627.70152(1).

Specifically, as to their filing of the Notice of Intent to Initiate Litigation, Plaintiffs relied on the following provisions of Section 627.70152:

> **(3) Notice.—**
>
> (a) As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. Notice to the insurer must be provided by the department to the e-mail address designated by the insurer under s. 624.422. The notice must state with specificity all of the following information:

> 1. That the notice is provided pursuant to this section.
>
> 2. The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.
>
> 3. If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.
>
> 4. If the notice is provided following a denial of coverage, an estimate of damages, if known.
>
> 5. If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:
>
> a. The presuit settlement demand, which must itemize the damages, attorney fees, and costs.
>
> b. The disputed amount.
>
> Documentation to support the information provided in this paragraph may be provided along with the notice to the insurer.
>
> (b) A claimant must serve a notice of intent to initiate litigation within the time limits provided in s. 95.11. However, the notice is not required if the suit is a counterclaim. Service of a notice tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period.

FLA. STAT. § 627.70152(3) (the "Presuit Notice Provision"). Pursuant to the statute, an insurer has ten business days to respond to the notice. FLA. STAT. § 627.70152(4).[2]

On September 22, 2022, ten business days after providing the presuit notice, Plaintiffs filed their Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-1]. The Complaint raised a single claim for breach of contract against multiple insurers, including Defendant Rockhill. *Id*. at 13-14. Defendant removed the action to this Court on November 7, 2022. ECF No. [1]. Plaintiffs thereafter filed a First Amended Complaint on November 29, 2022. ECF No. [65]. The Amended Complaint again raises a single claim for

---

[2] Pursuant to the statute, a claimant's failure to provide presuit notice results in dismissal of its lawsuit without prejudice. FLA. STAT. § 627.70152(5) ("A court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required by this section ....").

3

breach of contract, but this time Rockhill is the only named defendant. *Id*. There is no dispute that the First Amended Complaint relates back to the original Complaint for purposes of resolving the instant Motion.

## II.     THE MOTION

Defendant argues that the First Amended Complaint should be dismissed with prejudice because the action is barred by the statute of limitations. ECF No. [70]. Defendant contends that the statute of limitations expired five years from the date of loss, which Plaintiffs allege was September 10, 2017. Therefore, the last day for Plaintiffs to file suit was Monday, September 12, 2022.[3] Because Plaintiffs filed suit ten days later, on September 22, 2022, Defendant contends the suit is barred by the statute of limitations.

Indeed, there does not appear to be any dispute that Plaintiffs' suit was filed after the five-year statute of limitations had expired. Instead, anticipating Plaintiffs' argument that the statute of limitations was tolled for ten days by Section 627.70152(3)(b), Defendant argues that the Presuit Notice Provision does not apply to this action at all. ECF No. [70] at 8-12. Defendant contends that the statute would only apply here if the Court were to find that the statute was given retroactive effect, a finding that Defendant urges is incorrect because the statute purportedly affects substantive rights of the parties and, thus, cannot be applied retroactively to insurance policies issued before its effective date, such as the Policy at issue here. *Id*. If the statute is not retroactive, the Presuit Notice Provision does not apply and the tolling subparagraph therein would likewise inapplicable. *Id.* Defendant argues that the First Amended Complaint should be dismissed with

---

[3] Because the five-year deadline fell on Saturday, September 10, 2022, the operative date is September 12, 2022. Federal Rule of Civil Procedure 6(a)(1)(C) provides that "[w]hen the period is stated in days or a longer unit of time … if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

4

prejudice because no further amendment can cure the untimeliness of Plaintiffs' suit. *Id*.

Plaintiffs filed an Opposition to the Motion. ECF No. [80]. Plaintiffs argue that the Presuit Notice Provision not only applies to this case and required them to provide the presuit notice, it also tolled the statute of limitations for ten days. *Id*. at 8, 11-13. Plaintiffs advance several arguments in support of their position. First, Plaintiffs argue that applying the Presuit Notice Provision in this action constitutes a prospective, not retroactive, application of the statute based upon its plain language, which states that it "applies exclusively to all suits," and because the legislative history demonstrates that the "trigger date" for applying the statute is the date suit is filed, not the policy issuance date. *Id*. at 12. Second, Plaintiffs assert that even if reliance on the Presuit Notice Provision constitutes a retroactive application of the statute, such retroactive application is permissible because the statute does not impair the parties' vested rights and is merely a procedural step a policyholder must take to enforce its substantive rights under the policy. *Id*. at 13-17. Finally, Plaintiffs argue that even if the Court declines to apply the statute retroactively, equitable tolling or equitable estoppel "may apply," which is enough to defeat a motion to dismiss. *Id*. at 18. With respect to equitable tolling, Plaintiffs contend that they reasonably complied with the plain language of Section 627.70152, as well as several decisions of Florida state courts that applied the statute to lawsuits filed after its effective date, but upon insurance policies issued before the effective date. *Id*. at 18-21. As for equitable estoppel, Plaintiffs assert that Defendant should be equitably estopped from raising a statute of limitations defense because "Rockhill strung Arlen along for years without making a final coverage determination." *Id*. at 21-22.

Defendant filed a Reply. ECF No. [81]. Defendant argues that Plaintiffs' reliance on the Presuit Notice Provision is not a prospective application because the statutory language that

Plaintiffs reference merely "addresses the type of suits to which the statute applies." *Id*. at 3. Defendant also argues that retroactive application is impermissible because Section 627.70152(3)(b), which affects "the time limit to file suit on a contract," is substantive in nature. *Id*. at 33-8. Defendant further disputes Plaintiffs' assertion that equitable estoppel or equitable tolling may apply. Defendant contends that Plaintiffs have not shown that Defendant engaged in misconduct, which is necessary to establish equitable estoppel. *Id*. at 8, 10. Defendant also asserts that none of the cases involving Section 627.70152 that Plaintiffs relied upon for equitable tolling allowed an insured to file suit after expiration of the statute of limitations. *Id*. at 9.

After the Motion to Dismiss was fully briefed and the undersigned heard oral argument, Plaintiffs filed a Second Notice of Supplemental Authority notifying the Court of the decision in *Cole v. Universal Property & Casualty Insurance Company*, issued by the Florida Fourth District Court of Appeal. ECF No. [95]. The *Cole* decision is the first and only state intermediate appellate court to address whether the Presuit Notice Provision can be applied retroactively. As discussed more fully below, the Fourth District Court of Appeal held that the "presuit notice requirement of Section 627.70152 applies retroactively as a procedural provision, [and therefore] it applies to existing policies in effect at the time of enactment." ECF No. [95-1] at 9.

Defendant filed a Response, arguing that *Cole* "does not address the central issue before this Court, whether Fla. Stat. § 627.70152(3)(b) tolls the statute of limitation to file suit for breach of an insurance contract before enactment of the statute." ECF No. [96] at 1. Defendant asserts that the Motion to Dismiss should nevertheless be granted because the tolling provision is substantive and cannot be applied retroactively." *Id*. at 2.

### III.   ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure only requires a short and plain statement

of the claim and, as such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is facially plausible when it states enough facts for the court to draw a "reasonable inference" that the defendant is liable for the alleged conduct. *Id.* The factual allegations must provide more than a "sheer possibility." *Id.* When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). However, a court need not accept plaintiff's legal conclusions as true. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).

Although the statute of limitations is an affirmative defense, a complaint may be dismissed "when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). For this reason, "[a] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Evanston Ins. Co. v. William Kramer & Assoc., LLC*, 815 F. App'x 443, 445 (11th Cir. 2020) (citation and quotation marks omitted). Dismissal on the basis that the complaint is time barred is warranted "only if it appears beyond a doubt that Plaintiff can prove no set of facts showing the claims are timely." *Yeager v. Hunters Run Property Owners Assoc.*, No.22-cv-80008, 2022 WL 2805607, at *6 (S.D. Fla. July 1, 2022) (citations omitted) (adopted by *Yeager*, 2022 WL 2802708, at *1.

### A. Plaintiffs' Reliance On The Presuit Notice Provision Does Not Constitute A Prospective Application Of the Statute.

Plaintiffs first argue that the Court "does not even need to analyze whether the statute may

7

be applied retroactively because Arlen House is only applying the statute *prospectively*." ECF No. [80] at 9-11. According to Plaintiffs, "the operative date for determining whether Section 627.70152 is being applied retroactively is the date Arlen filed its Complaint not the date Rockhill issued Arlen's insurance policy." *Id*. at 9. Plaintiffs rely on the plain language of the statute to support their position. Defendant asserts that the language Plaintiffs rely upon is inapposite because it "addresses the type of suits to which the statute applies." ECF No. [81] at 3. Defendant also argues that the applicable date for purposes of determining retroactivity is the date the policy is issued, not the date that suit is filed. *Id*. at 3-4.

As mentioned above, Section 627.70152 states that it "applies exclusively to *all suits* arising under a residential or commercial property insurance policy, including a residential or commercial property insurance policy issued by an eligible surplus lines insurer." FLA. STAT. 627.70152(1) (emphasis supplied). Plaintiffs argue that by reference to "all suits," the statute must apply to this action because Plaintiffs filed the Complaint after the statute took effect on July 1, 2021. ECF No. [80] at 9 ("The Legislature's use of the term "all" compels this Court to apply the statute to all suits brought after its effective date."). Plaintiffs also argue that the statute operates prospectively because "every legal consequence created by Section 627.70152 is triggered by the filing of the lawsuit." ECF No. [80] at 10-11.

Plaintiffs' argument runs afoul of well-established Florida law.[4] The Florida Supreme Court has made clear that "the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." *Menendez v. Progressive Express Ins. Co., Inc.*, 35 So.3d 873, 876 (Fla. 2010) (citations omitted); *cf. The Restoration Team v. Southern*

---

[4] Florida substantive law applies because the Court's subject-matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. ECF No. [65] at ¶ 3.

*Oak Ins. Co.*, 357 So.3d 236, 238-239 (Fla. 3d DCA 2023) (distinguishing *Menendez* because, unlike *Menendez*, "this case does not involve the application of a statute to a preexisting policy; it concerns a statute's application to an assignment created after the effective date of the statute.") (quoting *Total Care Restoration, LLC v. Citizens Prop. Ins. Corp.*, 337 So.3d 74, 77 (Fla. 4th DCA 2022). Indeed, another court in this District squarely rejected the argument that it must apply Section 627.70152 prospectively where the plaintiffs filed their lawsuit after the statute's effective date. *See Primenet Med. Mgmt. v. Scottsdale Ins. Co.*, No. 21-cv-62544, 2022 WL 18776092, at *2 (S.D. Fla. Feb. 11, 2022). The *Primenet* court reasoned that "[w]hen considering the applicability of a statute to an insurance policy issued prior to the enactment of the statute, Florida courts look to the date of issuance of an insurance policy rather than the date a lawsuit was filed or an accident occurred because 'the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract'." (citing *Hassen v. State Farm Mut. Auto. Ins. Co.*, 674 So. 2d 106, 108 (Fla. 1996)). As such, the statute that governs is the statute in effect on the date the policy was issued.

Here, it is undisputed that Defendant issued the Policy in 2016, before Section 627.70152 became effective. Thus, Plaintiffs' reliance on Section 627.70152(3)(b) is not a prospective application of the statute. *See Primenet Med. Mgmt*, 2022 WL 18776092 at *2 (S.D. Fla. Feb. 11, 2022) ("Since the policy period relevant to Plaintiffs' claim commenced prior to Section 627.70152's effective date, this Court cannot apply the statute prospectively…[.]"); *see also The Restoration Team*, 357 So.3d at 239 ("A trial court applies a statute prospectively, not retroactively, to a contract where the statute *preexisted* the contract.") (emphasis supplied). The Court now turns to whether the Presuit Notice Provision can be applied retroactively.

9

### B. The Presuit Notice Provision May Be Applied Retroactively.

It is well settled that "[t]he question of whether a statutory change in the law should be applied retroactively is governed by state law." *Rivera v. Wal-Mart Stores E., LP*, No. 3:10-cv-956-J-20TEM, 2011 WL 7575393, at *2 (M.D. Fla. Jan. 12, 2011) (citing *Turner v. United States*, 514 F.3d 1194, 1199 n.3 (11th Cir. 2008)). The Florida Supreme Court requires courts to utilize a "two-pronged test" to determine whether a statute can apply retroactively. *Menendez*, 35 So.3d at 877. "First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles." *Id*. (citation omitted). The Florida Supreme Court also explained the relevant standard this way:

> For the retroactive application of a law to be constitutionally permissible, the Legislature must express a clear intent that the law apply retroactively, and the law must be procedural or remedial in nature.
>
> Remedial statutes operate to further a remedy or confirm rights that already exist, and a procedural law provides the means and methods for the application and enforcement of existing duties and rights. In contrast, a substantive law prescribes legal duties and rights and, once those rights and duties are vested, due process prevents the Legislature from retroactively abolishing or curtailing them.

*Maroda Homes Inc. of Florida v. Lakeview Reserve Homeowners Ass'n, Inc.*, 127 So.3d 1258, 1272 (Fla.2013) citations omitted).

As for the second prong, "even where the Legislature has expressly stated that a statute will have retroactive application, th[e] Court will reject such an application if the statute impairs a vested right, creates a new obligation, or imposes a new penalty." *Menendez*, 35 So.3d at 877 (citation omitted). In order to make this determination, "the central focus of this Court's inquiry is whether retroactive application of the statute attaches new legal consequences to events completed before its enactment." *Id*. (quotation marks and citation omitted).

As to whether the Presuit Notice Provision is retroactively applicable to this case, the Court is bound by the Fourth District Court of Appeal's recent decision in *Cole*, which held that the Presuit Notice Provision applies to policies issued before the statute's enactment. In *Cole*, an insured filed suit against his insurer for breach of contract in August, 2021—one month after the legislature enacted Section 627.70152. *Cole*, No. 4D22-1054, 2023 WL 3214643 at *1 (Fla. 4 th DCA May 3, 2023). The insured had sustained damage to his property in November 2020 and submitted a claim to his insurance company under his existing policy. *Id*. After the insured submitted his claim, but before he filed suit, Section 627.70152 took effect. *Id*. The insured did not provide presuit notice of intent to litigate as Section 627.70152(3) requires. *Id*.

The insurer filed a motion to dismiss based on the insured's failure to comply with the Presuit Notice Provision. *Id*. The insured opposed the motion and argued that the Presuit Notice Provision should not apply retroactively because it impaired his substantive rights. *Id*. The trial court disagreed with the insured and dismissed the action without prejudice. *Id*. The Fourth District Court of Appeal affirmed, concluding that "the trial court correctly found that th[e] presuit notice requirement was retroactive and procedural in nature and that it did not affect any substantive rights." *Id*. at *3.

As for the first prong of the retroactivity analysis, the *Cole* court found that the legislature expressed a clear intent for the statute to apply retroactively. *Id*. The court reasoned that the statute states that it "applies exclusively to *all suits* … arising under a residential or commercial property insurance policy … [and] [t]hus, the statute applies to all suits." *Id*. The Fourth District Court of Appeal explained that "[i]f the legislature had intended to limit this presuit notice provision to

11

policies issued after the statute's effective date, the legislature would have included language stating so." *Id*.

As for the second prong, the *Cole* court reasoned that the Presuit Notice Provision is procedural because it "is simply part of the 'course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion'." *Id*. (quoting *Haven Fed. Sav. & Loan Ass'n v. Kirian*, 579 So. 2d 730, 732 (Fla. 1991)). The *Cole* court distinguished the Florida Supreme Court's decision in *Menendez* which had "held that the entire amendment to the PIP statute, which in part included a statutory presuit notice requirement [similar to the one here,] was a substantive change that could not be applied retroactively to policies issued before the amendment's effective date." *Id*. at *1. It reasoned that "*Menendez* is distinguishable because *Menendez* confined its examination to one particular subsection— 627.736(11)—which contained all of the 'problematic' substantive changes—those which '(1) impose a penalty, (2) implicate attorneys' fees, (3) grant an insurer additional time to pay benefits, and (4) delay the insured's right to institute a cause of action.' In contrast, Section 627.70152(3) does not contain any of the same problematic characteristics, but requires only a perfunctory presuit notice requirement." *Id*. at *4. Accordingly, the Fourth District Court of Appeal held that "because the presuit notice requirement of Section 627.70152 applies retroactively as a procedural provision, it applies to existing policies in effect at the time of enactment." *Id*.

"It is well settled that federal courts are bound by the interpretation of a state statute by state courts." *Ins. Co. of North Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991) (citation omitted). When applying state law, "a federal court must adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise*." Lexow*, 937 F.2d at 571 (citation omitted); *see also Peoples Gas Sys. v. Posen*

*Constr., Inc.*, 931 F.3d 1337, 1339 (11th Cir. 2019) ("When we lack guidance from the Florida Supreme Court, we must adhere to the decisions of Florida's state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.") (quotation marks and citations omitted). Further, "[a] federal court is bound by this rule whether or not the court agrees with the reasoning on which the state court's decision is based or the outcome which the decision dictates." *Silverberg v. Paine Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983); *CodeVentures, LLC v. Vital Motion Inc.*, No. 22-11288, 2023 WL 2644173, at *3 (11th Cir. March 27, 2023) (same).

Given the decision in *Cole*, this Court is bound to conclude that the first part of the retroactivity test is satisfied, namely that the legislature clearly intended that the Presuit Notice Provision apply retroactively.[5] With respect to the second part of the test, this Court is also bound by *Cole*'s holding that the Presuit Notice Provision can apply retroactively because it is procedural in nature. The remaining issue is whether the reasoning and holding in *Cole* also apply to the tolling subparagraph of the Presuit Notice Provision. For the reasons explained below, the undersigned concludes that, as applied to this case, the tolling subparagraph of the Presuit Notice Provision also applies retroactively.

---

[5] The undersigned notes that House Bill 305, the companion to Senate Bill 76 (which later became section 627.70152), states that "[t]his section applies exclusively to all suits arising under a residential or commercial property insurance policy not brought by an assignee *which is issued or renewed on or after July 1, 2021*." H.R. Rep. No. 305, 2021 Leg. Sess., at 47 (2021) (emphasis supplied). The emphasized language was removed in the final version of the bill that ultimately became Section 627.70152. The fact that the final bill does not contain this language—which limited the statute to insurance policies issued or renewed on or *after* the effective date— is consistent with *Cole*'s conclusion that the legislature clearly expressed an intent to apply the statute regardless of the date the policy was issued, thereby resulting in retroactive application in those cases where the policy predates the statute. *Compare* H.R. Rep. No. 305, 2021 Leg. Sess., at 47, *with* FLA. STAT. 627.70152(1).

13

### C. The Retroactive Application of Section 627.70152(3)(b) Is Also Permissible.

Plaintiffs ask this Court to rely on *Cole* to conclude that the tolling subparagraph of the Presuit Notice Provision applies retroactively.[6] ECF No. [95]. Indeed, *Cole* did not expressly confine its holding to subparagraph (a) of section 627.70152(3), nor did it distinguish between subparagraphs (a) and (b) of that section. Defendant, by contrast, argues that *Cole* is inapplicable because it did not specifically address whether subparagraph (b) of Section 627.70152(3) tolls the statute of limitations. ECF No. [96] at 1. Defendant further argues that the tolling subparagraph is substantive and thus cannot be applied retroactively. *Id*. at 2.

To be sure, it is not self-evident from the *Cole* decision that it would view subparagraph (b) differently than it viewed subparagraph (a). The Fourth District Court of Appeal referred generally to "section 627.70152(3)" or the "presuit notice requirement" of the statute. *Cole*, 2023 WL 3214643 at *3-4. The tolling requirement is set forth in section 627.70152(3), namely subparagraph (b), and the subsection itself is titled "Notice[.]" In short, the opinion made no distinction between the subparagraph that discussed the notice and the subparagraph that addressed the tolling. Moreover, the two subparagraphs work together—subparagraph (b) tolls the statute of limitations in those cases where an insured serves the presuit notice of intent to initiate litigation

---

[6] The undersigned notes that other provisions of the statute also contain tolling requirements, namely subsections (4) and (7). *See* FLA. STAT. 627.70152(4)(a) ("The time limits provided in s. 95.11 are tolled during the reinspection period if such time limits expire before the end of the reinspection period."); FLA. STAT. 627.70152(4)(b) ("The time limits provided in s. 95.11 are tolled as long as appraisal or other alternative dispute resolution is ongoing if such time limits expire during the appraisal process or dispute resolution process."); FLA. STAT. 627.70152(7) ("If a claim is not resolved during the presuit notice process and if the time limits provided in s. 95.11 expire in the 30 days following the conclusion of the presuit notice process, such time limits are tolled for 30 days."). The parties do not argue that any of these other provisions apply, and thus the undersigned does not address them.

described in subparagraph (a).  *See* FLA. STAT. § 627.70152(3).  Because the presuit notice requirement and the tolling requirement are part of the *same* subsection of the statute, *Cole*'s holding could be read to apply to the entire subsection, not just one part of the subsection.

However, the tolling requirement of the Presuit Notice Provision was not at issue in *Cole*. As such, it is difficult to conclude that the absence of any discussion of the tolling subparagraph in *Cole* was because its reasoning was meant to apply to all parts of the Presuit Notice Provision, including those it had no occasion to consider.  At best, it is unclear whether the holding in *Cole*, that "the presuit notice requirement of Section 627.70152 applies retroactively as a procedural provision," resolves the issue of whether the tolling subparagraph therein also applies retroactively.

Instead, the Court turns to the critical question: whether the tolling subparagraph set forth in Section 627.70152(3)(b) can also be applied retroactively.  To resolve that question, the Court must determine whether the tolling subparagraph affects vested rights, or whether it is procedural. For the reasons noted below, retroactive application of the tolling subparagraph under the facts of this case constitutes a procedural, not substantive change, and thus is constitutionally permissible.

"A substantive law prescribes legal duties and rights and, once those rights and duties are vested, due process prevents the Legislature from retroactively abolishing or curtailing them." *Maroda Homes Inc. of Florida*, 127 So.3d at 1272.  Defendant argues that "[b]ecause a statute of limitation involves a substantive right, a change to the statute of limitation, including the tolling provision contained in Florida Stat. § 627.70152, affects a substantive right and may not be applied retroactively."[7]  ECF No. [70] at 8.  However, the Florida Supreme Court has explained that "a

---

[7] Defendant relies upon *Merkle v. Robinson*, 737 So. 2d 540, 542 (Fla. 1956) for the proposition that application of the statute of limitations involves a substantive right under Florida law.  ECF

person has no vested right in the statute of limitations unless it has completely run and barred the action. Before the action is barred by the statute, the Legislature has the absolute power to amend the statute and alter the period of limitations prescribed therein[.]" *Corbett v. General Eng'g and Machinery Co.*, 37 So. 2d 161, 162 (Fla. 1948) (citation omitted). Defendant did not have a vested right in the statute of limitations when Section § 627.70152 became effective in July 2021 because the five-year statute of limitations had not yet run on Plaintiffs' breach of contract claim. Indeed, "[t]he Legislature has the power to increase a prescribed period of limitation and to make it applicable to existing causes of action provided the change in the law is effective before the cause of action is extinguished by the force of the pre-existing statute." *Walter Denson & Son v. Nelson*, 88 So. 2d 120, 122 (Fla. 1956).

The language in Section § 627.70152(3)(b) increases the limitations period by providing an additional ten business days for an insured to file suit if the statute of limitations would expire before the end of the ten-day notice period. *See* FLA. STAT. § 627.70152(3)(b). Plaintiffs' cause of action was not extinguished before Section 627.70152(3) was enacted and, thus, the tolling subparagraph can properly be applied retroactively to this case. In short, Section 627.70152(3)(b), as applied here, does not "impair a vested right, create a new obligation or impose a new penalty" and, thus, is not substantive in nature.[8] Instead, the tolling subparagraph constitutes a procedural

---

No. [70] at 8. However, *Merkle* is distinguishable because it addressed a choice of law issue, not retroactive application of a statute that tolled the statute of limitations.

[8] The undersigned notes that, prior to the *Cole* decision, courts in this District found that Section 627.70152(3)(b) cannot be applied retroactively because "when viewed as a whole, § 627.70152 is a substantive statute." *See e.g., Oceana III Condo. Assoc., Inc. v. Westchester Surplus Lines Ins. Co.*, No. 22-cv-23681, 2023 WL 2196628, at *4 (S.D. Fla. Feb. 24, 2023); *New Laxmi v. Rockhill Ins. Co.*, No. 22-23421, 2023 WL 2799885, at *3 (S.D. Fla. Feb. 28, 2023); *Venetia Condo. Assoc., Inc. v. Westchester Surplus Lines Ins. Co.*, No. 22-23030, 2023 WL 2470897, at *3 (S.D. Fla. Feb. 28, 2023). Those decisions are now distinguishable because they were based on the conclusion that Section 627.70152(3)(a) and (4) substantively impacts the rights and obligations of the insurer and the insured. *Id.* However, *Cole* found that those provisions are

change that applies retroactively in those cases where the statute of limitations had not yet expired when Section 627.70152 took effect.

This result is also consistent with *Cole*'s conclusion that the presuit notice requirement in Section 627.70152(3) applies to all policies, including those already in existence at the time of the statute's effective date. *Cole*, 2023 WL 3214643 at *3. Indeed, to hold otherwise would result in an untenable result for those policyholders that had less than ten days to file suit when the statute was enacted. Specifically, consider an insured prepared to file her complaint on July 3, 2021, five days before the statute of limitations expired on her claim. Pursuant to *Cole*, because section 627.70152 became effective as to that claim on July 1, 2021, the insured would have been required to provide presuit notice under Section 627.70152(3), and could not have filed her lawsuit until ten business days later.[9] Unless the tolling subparagraph of the Presuit Notice Provision was also retroactive, the insured would not be able to file suit at all because the statute of limitations would have expired before the ten day period. In short, unless the tolling subparagraph is read as having retroactive application in cases where the statute of limitations had not yet expired when the statute took effect, *Cole*'s reasoning would lead to an impermissible reading of the statute, as there would

---

"procedural provisions," *Cole*, 2023 WL 3214643 at *3, and as noted above, this Court is now bound by *Cole*.

The only post-*Cole* decision in this District is *Ocean III*. *See, Oceana III Condo. Assoc., Inc. v. Westchester Surplus Lines Ins. Co.*, No. 22-cv-23681, 2023 WL 3943612, at *3 (S.D. Fla. June 12, 2023). Although the Court there distinguished *Cole* in denying a motion for reconsideration, it based its decision on several reasons independent of *Cole*. *Id*. at *1-2. Further, the *Oceania III* court did not consider whether the tolling subparagraph was procedural or substantive under the facts of that case, given that the *Oceania III* insured's complaint was untimely *even if* the ten-day tolling provision applied. *Oceania III*, 2023 WL 2196628, at *3.

[9] *See* FLA. STAT. § 627.70152(3) ("As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy….").

17

be a category of insureds that could not both provide statutory presuit notice and timely file suit before their statute of limitations expired.

The rules of statutory construction require that "[w]here possible, courts must give full effect to *all* statutory provisions and construe related statutory provisions in harmony with one another." *Robbins v. Garrison Prop. & Cas. Ins. Co.*, 809 F. 3d 583, 586 (11th Cir. 2015) (citing *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So.2d 452, 455 (Fla. 1992)); *see also Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) ("[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available."). Further, "[i]t is axiomatic that all parts of a statute must be read *together* in order to achieve a consistent whole." *Robbins*, 809 F. 3d at 586 (citing *Forsythe*, 604 So.2d at 455)). Indeed, given that the requirement to provide presuit notice set forth in Section 627.70152(3)(a) is retroactive, a finding that the tolling requirement set forth in subparagraph (b) is not retroactive, at least as to claims that were not yet barred by the statute of limitations, would make the tolling subparagraph totally superfluous. The "surplusage canon obliges us, whenever possible, to disfavor an interpretation when that interpretation would render a clause, sentence, or word ... superfluous, void, or insignificant." *Campbell v. Universal City Dev. Partners, Ltd.*, No. 22-10646, 2023 WL 4381000, at *8 (11th Cir. July 7, 2023). Indeed, "[t]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme." *City of Chicago, Illinois v. Fulton*, 141 S.Ct. 585, 591 (2021). As such, the Court finds that the proper interpretation of the tolling subparagraph under the facts in this case warrants retroactive application.[10] Accordingly, Plaintiffs' claims are not barred by the statute of limitations.

---

[10] Should the Court not adopt the Report and Recommendation's conclusion that the Motion to

IV.     **CONCLUSION**

For the reasons explained above, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss First Amended Complaint for Failure to File Suit Within the Applicable Statute of Limitation, ECF No. [70], be **DENIED**.

---

Dismiss be denied, there are two alternative arguments Plaintiffs urge the Court to consider. First, Plaintiffs argue that even if the tolling provisions do not apply, the Court should deny the Motion to Dismiss because Plaintiffs are entitled to rely on equitable tolling. ECF No. [80] at 17-21. Equitable tolling applies "when the plaintiff has been misled or lulled into inaction [by the defendant], has in some extraordinary way been prevented from asserting [its] rights, or has timely asserted [its] rights mistakenly in the wrong forum." *Id*. Plaintiffs contend that they "reasonably complied with the plain language of the statute and the decisions of at least seven different state and federal courts." ECF No. [80] at 18. While that may be true, that does not amount to equitable tolling. Indeed, at least two other district courts have rejected Plaintiffs' argument. *See Oceana III Condo. Assoc., Inc.*, 2023 WL 2196628 at *7 ("The circumstances outlined by Oceania—amounting to a last-minute choice between complying with § 627.70152 in the hope that its tolling provision would apply and timely filing suit within the statute of limitations—are not the sort to which equitable tolling has been applied."); *Venetia Condo. Assoc., Inc. v. Westchester Surplus Lines Ins. Co.*, No. 22-cv-23030, 2023 WL 2470897, at *5 (S.D. Fla. Feb. 28, 2023) (same).

Second, Plaintiffs propose that equitable estoppel should apply. A party asserting equitable estoppel must establish three elements: "(1) a representation by the party estopped to the party claiming the estoppel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon." *State v. Harris*, 881 So. 2d 1079, 1084 (Fla. 2004). Plaintiffs argue that equitable estoppel "is appropriate because Rockhill strung Arlen along for years without making a final coverage determination." ECF No. [80] at 21. However, Plaintiffs cannot establish that Defendant's failure to provide a final coverage determination caused Plaintiffs to delay filing suit given that Plaintiffs ultimately filed their suit in the absence of a final coverage determination. At least one other court in this district has declined to accept Plaintiffs' equitable estoppel argument. *See Venetia Condo. Assoc., Inc.*, 2023 WL 2470897 at *4. Although Defendant may have taken the position that the statute did have retroactive application in other suits, that does not render these circumstances extraordinary, nor could it have lulled or misled Plaintiffs into inaction. At most, Plaintiffs have shown that the law was unsettled regarding application of the statute to their claim, but uncertainty regarding the law does not amount to extraordinary circumstances.

## V.  OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on July 25, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**