UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ARLEN HOUSE CONDOMINIUM
ASSOCIATION, INC., AND ARLEN
HOUSE WEST CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiffs,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant.

Civil Action No. 1:22-CV-23649

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  SUMMARY OF ALLEGATIONS AND ADDITIONAL BACKGROUND .................... 2

III. ARGUMENT ...................................................................................................................... 3

    A.   The Magistrate Judge Correctly Applied *Cole* to Deny Rockhill's Motion to Dismiss ................................................................................................. 3

        1.   *Cole* Is On-Point and Persuasive .............................................................. 3

        2.   *Cole*'s Interpretation of Section 627.70152 Is Binding on This Court. ................................................................................................. 5

        3.   *Cole* Controls the Outcome of Rockhill's Motion. .................................... 6

    B.   The Magistrate Judge Correctly Ruled that the Tolling Provision Is Procedural and May Be Applied Retroactively. ........................................................ 7

        1.   The Tolling Provision Does Not Impact Any Substantive Rights. .............. 7

        2.   The Magistrate Judge's Decision Is Consistent with *Menendez*. ................ 9

IV.  CONCLUSION ................................................................................................................ 13

Plaintiffs Arlen House Condominium Association, Inc. and Arlen House West Condominium Association, Inc. (together, "Arlen House") submit this response to the objections to the Magistrate Judge's Report and Recommendation (ECF 103) filed by Defendant Rockhill Insurance Company ("Rockhill").

## I.    INTRODUCTION

The Magistrate Judge correctly concluded that the decision of the Florida Fourth District Court of Appeals ("Fourth DCA") in *Cole v. Universal Property & Casualty Insurance Co.*, 363 So.3d 1089 (Fla. 4th DCA May 3, 2023) requires that Rockhill's motion to dismiss be denied. In *Cole*, the Fourth DCA held that the presuit notice provision in Florida Statutes § 627.70152(3) applies as written to "all suits" filed after the statute's effective date, including suits that arise out of insurance policies issued prior to that date. It held that the legislature clearly expressed its intent in the text of the statute. It held that applying the presuit notice provision retroactively raises no constitutional concerns because the provision is procedural. And although it applied the two-prong retroactivity analysis laid out in *Menendez v. Progressive Express Insurance Co., Inc.*, 35 So.3d 873 (Fla. 2010), it reached a different result than *Menendez* because the procedural notice and tolling provisions in Section 627.70152(3) differ in kind from the substantive changes that the amendment to the personal injury protection ("PIP") statute at issue in *Menendez* made to the terms of motor vehicle insurance policies.

As the only precedential decision of a Florida appellate court that has addressed how Section 627.70152(3) applies to cases like this one, *Cole* controls the outcome of Rockhill's motion. Rockhill has identified no reason, let alone a compelling reason, to believe that the Florida Supreme Court would reject *Cole*'s holding that Section 627.70152(3) is procedural or the ways in which *Cole* distinguished *Menendez*.

While the Magistrate Judge could have relied exclusively on *Cole*, she also engaged in an

1

additional analysis of whether the tolling provision in Section 627.70152(3)(b) is procedural, and thus may be applied retroactively. The Magistrate Judge correctly determined that the tolling provision is procedural, based on well-established Florida law that a person has no vested right in a statute of limitations until it has run. Because the tolling provision affects no vested rights, it is procedural, not substantive, and may be applied retroactively in accordance with the Legislature's intent. Like *Cole*, the Magistrate Judge's decision is fully consistent with *Menendez*, which involved a fundamentally different statutory scheme that made substantive alterations to the terms of the policies at issue. Section 627.70152(3) makes no such substantive alterations.

Arlen House is entitled to the ten business days of tolling provided by Section 627.70152(3)(b), and its claim was timely filed. This Court should adopt the Magistrate Judge's recommendation to deny Rockhill's motion to dismiss.

## II. SUMMARY OF ALLEGATIONS AND ADDITIONAL BACKGROUND

Arlen House owns two 22-story condominium towers and a clubhouse in Sunny Isles Beach, Florida. Am. Compl. ¶¶ 6-7 [ECF 65]. It brings this lawsuit under a Commercial Property Policy issued by Rockhill for severe damage caused by Hurricane Irma, which hit Florida on September 10, 2017. *See id.* ¶¶ 9-25 & Ex. A.

After Rockhill issued the Policy, but before Arlen House filed this case, the Florida Legislature enacted Florida Statutes § 627.70152, entitled "Suits Arising Under a Property Insurance Policy." The statute became effective on July 1, 2021. The statute said that it applies "to ***all suits*** not brought by an assignee arising under a residential or commercial property insurance policy, including a residential or commercial property insurance policy issued by an eligible surplus lines insurer" initiated after its effective date of July 1, 2021. *Id.* § 627.70152(1)

(emphasis added).[1] Among other things, the statute requires a policyholder in "a suit under a property insurance policy" to "provide the [Florida Department of Financial Services] with written notice of intent to initiate litigation … at least 10 business days before filing suit under the policy." Fla. Stat. § 627.70152(3)(a). To ensure that the notice requirement does not deprive a policyholder of time under the applicable statute of limitations, the statute provides that "[s]ervice of a notice tolls the time limits provided in § 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period." *Id.* § 627.70152(3)(b).

Arlen House filed a Notice of Intent to Initiate Litigation (the "Notice") on September 8, 2022. *See* Am. Compl. Ex. B. Arlen House submitted the Notice within the five-year limitations period established by Florida Statutes § 95.11, which expired on September 12, 2022. Arlen House then waited ten business days, as the statute requires, and filed a one-count complaint for breach of contract on September 22, 2022. There is no dispute that if Arlen House receives the ten business days of tolling promised by § 627.70152(3)(b), its complaint was timely filed.

### III.  ARGUMENT

#### A.  The Magistrate Judge Correctly Applied *Cole* to Deny Rockhill's Motion to Dismiss.

The Magistrate Judge correctly applied *Cole*—the only precedential decision of a Florida appellate court that has addressed the operation of Section 627.70152(3) in cases like this one—to deny Rockhill's motion to dismiss.

##### 1.  *Cole* Is On-Point and Persuasive.

In *Cole*, the Fourth DCA held that the presuit notice provision in Section 627.70152(3) applies as written to all suits filed after its effective date, including suits involving policies issued

---

[1] The Legislature amended Section 627.70152 effective December 16, 2022. The amendment removed the clause "not brought by an assignee" from subsection 1.

before that date. As the Magistrate Judge recognized, *Cole* considers and resolves the issues of statutory construction that dictate the outcome of Rockhill's motion.

The Fourth DCA began by setting forth the "'general rule … that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively.'" *Cole*, 363 So. 3d at 1091 (citation omitted). The court summarized the difference between substantive and procedural statutes: "'[S]ubstantive law prescribes duties and rights' as opposed to procedural law which concerns itself with 'the means and methods to apply and enforce those duties and rights.'" *Id*. at 1091-92 (citation omitted). The court then applied the same two-part test from *Menendez* that the parties agree is applicable here:

> "First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles." Specifically, as to the second part of this test, we focus on "whether retroactive application of the statute 'attaches new legal consequences to events completed before its enactment.'"

*Id.* at 1092 (quoting *Menendez*, 35 So.3d at 877).

Every aspect of *Cole* is persuasive. With respect to the first prong of the *Menendez* test, the Fourth DCA held that "the legislature expressed a clear intent for the statute to apply retroactively." *Id.* at 1093. Emphasizing the "all suits" language in the statute, the court ruled that the statute means what it says: "the statute applies to all suits." *Id.* (citing Fla. Stat. § 627.70152(1)). Moreover, the court observed, "[i]f the legislature had intended to limit this presuit notice provision to policies issued after the statute's effective date, the legislature would have included language stating so." *Id.*[2]

---

[2] Rockhill does not appear to challenge the Magistrate Judge's conclusion that the Legislature clearly intended Section 627.70152(3) to apply retroactively. The Magistrate Judge properly concluded that the Court is bound by *Cole*'s ruling on that issue, and also noted that the

4

With respect to the second prong of the *Menendez* test, the Fourth DCA concluded that the "presuit notice requirement was retroactive and procedural in nature and that it did not affect any substantive rights." *Id.* The court explained that the policyholder's "rights and obligations are unchanged" and that the "notice provision is simply part of the 'course, form, manner, means, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion.'" *Id.* (citation omitted).

The Fourth DCA also distinguished *Menendez*. The court acknowledged that the amendment to the PIP statute at issue in *Menendez* likewise contained a presuit notice provision. However, *Menendez* involved a fundamentally different statutory scheme, and other substantive terms in the same section of the PIP amendment changed the terms of motor vehicle policies in a substantive manner that precluded retroactive application of the PIP amendment. *Id.* at 1095.

### 2.     *Cole*'s Interpretation of Section 627.70152 Is Binding on This Court.

The Magistrate Judge properly found that this Court must adopt *Cole*'s interpretation of how Section 627.70152(3) operates. "'It is well settled that federal courts are bound by the interpretation of a state statute by state courts.'" *Ins. Co. of N.A. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991) (citation omitted). "State law is what the state appellate courts say it is, and we are bound to apply a decision of a state appellate court about state law even if we think that decision is wrong." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 848 (11th Cir. 2018).

Accordingly, this Court must follow *Cole* "absent some persuasive indication that the

---

legislative history for Section 627.70152 shows that the Legislature explicitly considered and rejected the idea of limiting the statute's scope to claims arising out of insurance policies issued after the statute's effective date, as opposed to all claims filed after the statute's effective date. *See* ECF 103 at 13 & n.5.

5

state's highest court would decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983). That rule applies "whether or not the court agrees with the reasoning on which the state court's decision is based or the outcome which the decision dictates." *Id.*; *see also CodeVentures, LLC v. Vital Motion Inc.*, No. 22-11288, 2023 WL 2644173, at *3 (11th Cir. Mar. 27, 2023) (same).[3]

### 3. *Cole* Controls the Outcome of Rockhill's Motion.

Rockhill argues that this Court is free to ignore *Cole* merely because it deals with the presuit notice requirement in Section 627.70152(3)(a) rather than the tolling provision in subsection (3)(b). *See* ECF 105 at 6-7. However, as the Magistrate Judge pointed out, *see* ECF 103 at 14, the Fourth DCA referred generally to "section 627.70152(3)" or the "presuit notice requirement" of the statute, and gave no indication that it viewed subparagraphs (a) and (b) differently. The Legislature also expressed an intent for the notice and tolling provisions to apply together by placing both provisions in the same subsection entitled "Notice."

Moreover, subparagraphs (a) and (b) work together and any attempt to divorce them would lead to untenable results. The Magistrate Judge provided an example illustrating this point

---

[3] Before *Cole*, federal and state courts in Florida were divided on the issue of whether Section 627.70152(3) could be applied to policies issued before the statute's effective date. *See* ECF 103 at 16 n.8. Arlen House submitted many cases holding that Section 627.70152(3) applies to all property insurance claims filed after the statute's effective date, regardless of when the policy was issued. *See* ECF 80-1; ECF 92.

However, as the Magistrate Judge found, *Cole* is a game-changer. The federal court decisions finding that Section 627.70152(3)(b) cannot be applied retroactively "are now distinguishable because they were based on the conclusion that Section 627.70152(3)(a) and (4) substantively impacts the rights and obligations of the insurer and the insured. However, *Cole* found that those provisions are 'procedural provisions,' and as noted above, this Court is now bound by *Cole*." ECF 103 at 16 n.8 (citations omitted). The only post-*Cole* decision in this District did not consider whether the tolling provision was procedural or substantive because the policyholder's complaint was untimely *even if* the ten-day tolling provision in Section 627.70152(3)(b) applied. *Oceania III Condo. Assoc., Inc. v. Westchester Surplus Lines Ins. Co.*, No. 22-23681, 2023 WL 3943612, at *3 (S.D. Fla. June 12, 2023).

and how the tolling provision acts as a "savings clause" for suits at the end of the limitations period:

> [C]onsider an insured prepared to file her complaint on July 3, 2021, five days before the statute of limitations expired on her claim. Pursuant to *Cole*, because section 627.70152 became effective as to that claim on July 1, 2021, the insured would have been required to provide presuit notice under Section 627.70152(3), and could not have filed her lawsuit until ten business days later. Unless the tolling subparagraph of the Presuit Notice Provision was also retroactive, the insured would not be able to file suit at all because the statute of limitations would have expired before the ten day period. In short, unless the tolling subparagraph is read as having retroactive application in cases where the statute of limitations had not yet expired when the statute took effect, *Cole*'s reasoning would lead to an impermissible reading of the statute, as there would be a category of insureds that could not both provide statutory presuit notice and timely file suit before their statute of limitations expired.

ECF 103 at 17-18 (footnote omitted). There is no reasonable basis for this Court to conclude that the Florida Supreme Court would split up the notice and tolling provisions that the Legislature placed together and decide that only one provision could be applied retroactively.

### B. The Magistrate Judge Correctly Ruled that the Tolling Provision Is Procedural and May Be Applied Retroactively.

Although the Magistrate Judge could have based her decision solely on *Cole*, she went on to provide several pages of well-reasoned analysis explaining why the tolling provision in Section 627.70152(3)(b) is procedural rather than substantive, and thus may be applied retroactively. The Magistrate Judge's analysis is fully consistent with *Menendez*.

#### 1. The Tolling Provision Does Not Impact Any Substantive Rights.

In Florida, the "general rule is that in the absence of clear legislative intent to the contrary, a law affecting substantive rights, liabilities and duties is presumed to apply prospectively." *Metropolitan Dade Cnty. v. Chase Federal Housing Corp.*, 737 So. 2d 494, 500 (Fla. 1999). "Procedural or remedial statutes, on the other hand, are to be applied retrospectively and are to be applied to pending cases." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352,

7

1358 (Fla. 1994). "[E]ven where the Legislature has expressly stated that a statute will have retroactive application, [the] Court will reject such an application if the statute impairs a vested right, creates a new obligation, or imposes a new penalty." *Menendez*, 35 So.3d at 877; *see also* ECF 103 at 10-11.

As the Magistrate Judge explained, *see* ECF 103 at 15-16, there is no impediment to applying the tolling provision in Section 627.70152(3)(b) retroactively because it does not affect any substantive rights. Florida law is clear that "'a person has no vested right in the running of a statute of limitations unless it has completely run and barred the action. Before the action is barred by the statute, the Legislature has absolute power to amend the statute and alter the period of limitations prescribed therein.'" *Wiley v. Roof*, 641 So. 2d 66, 68 (Fla. 1994) (quoting *Corbett v. General Eng'g and Machinery Co.*, 37 So.2d 161, 162 (Fla. 1948)). As a result, the "'Legislature has the power to increase a prescribed period of limitation and to make it applicable to existing causes of action provided the change in the law is effective before the cause of action is extinguished by the force of a pre-existing statute.'" *Id.* (quoting *Walter Denson & Son v. Nelson*, 88 So.2d 120, 122 (Fla. 1956)).

When Section 627.70152 became effective on July 1, 2021, Rockhill had no vested right in the running of the statute of limitations on Arlen House's claim because the five-year statute of limitations had not yet "completely run and barred the action." In other words, at the time Section 627.70152 went into effect, Arlen House's claim had not been extinguished by the existing five-year statute of limitations. Accordingly, the Legislature had "absolute power" to adjust the amount of time that Arlen House had to file suit, and the Legislature chose to do so by providing ten business days of tolling under certain circumstances. Applying the tolling provision to Arlen House's claim raises no constitutional concerns because it does not impact

8

Rockhill's substantive rights.

"In short, Section 627.70152(3)(b), as applied here, does not 'impair a vested right, create a new obligation or impose a new penalty' and, thus, is not substantive in nature. Instead, the tolling subparagraph constitutes a procedural change that applies retroactively in those cases where the statute of limitations had not yet expired when Section 627.70152 took effect." ECF 103 at 16-17 (footnote omitted).

### 2. The Magistrate Judge's Decision Is Consistent with *Menendez*.

Neither the Magistrate Judge's decision nor *Cole* is in conflict with *Menendez*. To the contrary, both decisions properly applied *Menendez*'s two-part retroactivity test and the distinction that Florida law (including *Menendez*) draws between substantive and procedural statutory provisions.

Rockhill seems to be arguing that *Menendez* prevents retroactive application of ***any*** statutory provision involving an insurance policy, no matter how purely procedural or remedial. *See* ECF 105 at 10-11. That argument reflects a profound misreading of *Menendez*. *Menendez* did not overturn decades of black-letter Florida law holding that the Legislature may establish new procedures for enforcing existing rights, and that those procedures may be applied retroactively. Indeed, the Florida Supreme Court began its decision in *Menendez* by noting that whether the amendment to the PIP statute could apply to the insurance dispute in that case depended upon whether that amendment was "merely procedural" or "substantive." *Menendez*, 35 So. 3d at 874-75. Most of the analysis in *Menendez* would be utterly superfluous if any statutory provision concerning an insurance policy was automatically considered to be substantive.

Nothing in *Menendez* suggests that statutory provisions relating to insurance policies can never be applied retroactively. Rockhill relies heavily on the court's statement in *Menendez* that

9

"the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." *Id.* at 876; *see* ECF 105 at 9, 11, 12, 14. Rockhill incorrectly construes that statement to mean that all statutes in effect at the time a policy is executed are set in stone, and can never be altered retroactively by new statutory provisions, even if those new provisions are merely procedural.

The context of the court's statement makes it clear that Rockhill's interpretation is wrong. The court made the statement as part of its initial evaluation of whether a retroactivity analysis was necessary *at all*. *Menendez*, 35 So. 3d at 876. Having determined that it was, because normally the statute in effect at the time the policy was executed would be controlling, the court then completed such a retroactivity analysis, including a lengthy examination of whether the PIP amendment at issue was substantive or procedural. *Id.* at 878-80. If the court had concluded the amendment was procedural, it plainly would have had no trouble applying the amendment retroactively. *See id.* at 880.

The Magistrate Judge here took exactly the same approach as the Florida Supreme Court in *Menendez* and the Fourth DCA in *Cole*. After deciding that a retroactivity analysis was required, the Magistrate Judge looked at whether the tolling provision was procedural or substantive. The Magistrate Judge's conclusion that the tolling provision was procedural was based on the binding reasoning in *Cole* and the long-standing Florida cases discussed above holding that a person has no vested right in a statute of limitations until it has run. Rockhill's cursory attempt to distinguish those cases, *see* ECF 105 at 12-13, exposes the circularity of its reasoning. Rockhill simply assumes the conclusion that the tolling provision is substantive, arguing that *Corbett* and *Nelson* do not show the tolling provision can apply retroactively because no statutory provision involving an insurance policy can apply retroactively. It is that

10

position, not the Magistrate Judge's decision or *Cole*, that is incompatible with *Menendez*.

Rockhill also wrongly equates the procedural notice and tolling provisions in Section 627.70152(3) with the substantive changes that the PIP amendment made to the terms of motor vehicle policies. There is no indication that the Florida Supreme Court would reject the many key distinctions that *Cole* drew between Section 627.70152(3) and the PIP amendment. *See Cole*, 363 So.3d at 1095. Although the PIP amendment included a tolling provision, Rockhill misleadingly implies that the tolling provision was a main focus of the *Menendez* analysis. *See* ECF 105 at 10. In fact, *Menendez* omitted the tolling provision from its list of the "problematic provisions" that precluded retroactive application of the amendment. Those "problematic provisions" were "those which (1) impose a penalty, (2) implicate attorneys' fees, (3) grant an insurer additional time to pay benefits, and (4) delay the insured's right to institute a cause of action." *Id.* at 878.

As the Fourth DCA held in *Cole*, "section 627.70152(3) does not contain any of the same problematic characteristics." *Cole*, 363 So. 3d at 1095. Specifically, unlike the "problematic provisions" in *Menendez*, nothing in section 627.70152(3) substantively modifies the terms of the property insurance policy or alters when, whether, or how much an insurer pays under the policy. Tolling a statute of limitations is not akin to extending a contractual deadline. Changing the terms of motor vehicle policies to "grant an insurer additional time to pay benefits" is substantive, particularly in the special context of the PIP statute. As *Menendez* explained, "any impediment of the right of the insured to recover in a 'swift and virtually automatic way has the potential for interfering with the PIP scheme's goal of being a reasonable alternative to common law tort principles." *Menendez*, 35 So.3d at 877. In contrast, as discussed above, the Florida Supreme Court repeatedly has held that the legislature may retroactively lengthen unexpired

11

statutes of limitations because no one has any vested right in such unexpired statutes of limitations. *See Wiley*, 641 So. 2d at 68.

Rockhill likewise does not dispute *Cole*'s conclusion that "subsection (3) does not even create any substantive 'delay' in filing suit." *Cole*, 363 So. 2d at 1095. The tolling provision *extends* the time in which the insured may file suit.

Near the end of its brief, Rockhill tosses in a handful of statutory provisions that are not at issue here, including Section 627.70152(4) and (5), and asserts that Section 627.70152 is substantive "when viewed as a whole." *See* ECF 105 at 14-15. However, as *Cole* pointed out, even assuming some of those provisions are substantive,[4] provisions "not an issue in this case" are "not relevant to our determination." *Cole*, 363 So.3d at 1094. "One provision that is substantive in scope does not act as a bar to enforcement of another provision that is able to be applied retroactively." *Id.* (citing *Lawnwood Med. Ctr. Inc. v. Seeger*, 990 So.2d 503, 518 (Fla. 2008) and *Leapai v. Milton¸* 595 So.2d 12, 15 (Fla. 1992)). *Cole*'s invocation of the severability doctrine is consistent with the rule that "statutes should be construed to effectuate the express legislative intent and all doubt as to the validity of any statute should be resolved in favor of its constitutionality." *Leapai*, 595 So. 2d at 14 (Fla. 1992). "The purpose underlying severability [is] to preserve the constitutionality of enactments where it is possible to do so." *Ray v. Mortham*, 742 So. 2d 1276, 1281 (Fla. 1999). Rockhill does not even mention severability, let alone offer any reason why that purpose has less force when deciding whether constitutional principles permit a statute to apply retroactively.

---

[4] *Cole* held specifically that Section 627.70152(4) is **not** substantive and instead relates to "process and procedure." *Cole*, 363 So.3d at 1093-94.

IV.     **CONCLUSION**

The Magistrate Judge properly followed *Cole*, which is binding on this Court, and determined that the tolling provision is procedural and may be applied retroactively. Arlen House's claim was timely filed, and this Court should adopt the Magistrate Judge's recommendation to deny Rockhill's motion to dismiss.[5]

September 1, 2023

/s/ Jennifer Ruiz

Jennifer Ruiz (Florida Bar No. 0967173)
**WEISBROD MATTEIS & COPLEY PLLC**
500 E. Broward Blvd, Suite 1700
Fort Lauderdale, FL 33394
(954) 300-3864
jruiz@wmclaw.com

Shelli L. Calland (admitted *pro hac vice*)
1201 New Hampshire Avenue, NW, 4th Floor
Washington, DC 20036
(202) 793-2900
scalland@wmclaw.com

---

[5] Arlen House respectfully disagrees with the Magistrate Judge's rulings regarding equitable tolling and estoppel (*see* ECF 103 at 18 n.10) and whether Arlen House is seeking only a prospective application of the tolling provision (*see id.* at 7-9), but is not objecting to the Magistrate Judge's Report and Recommendation. If necessary, Arlen House reserves the right to challenge those rulings on appeal.

13