UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23649-BLOOM/Becerra

ARLEN HOUSE CONDOMINIUM
ASSOCIATION, INC., and ARLEN
HOUSE WEST CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiffs,

v.

ROCKHILL INSURANCE COMPANY,
*et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Rockhill Insurance Company's Motion to Dismiss Plaintiffs' First Amended Complaint for Failure to File Suit Within the Applicable Statute of Limitation and Incorporated Supporting Memorandum of Law, ECF No. [70] ("Motion"). Plaintiffs Arlen House Condominium Association, Inc. and Arlen House West Condominium Association, Inc. (together "Arlen House") filed a Response with supporting exhibits, ECF No. [80], and Defendant filed a Reply, ECF No. [81]. Defendant filed four Notices of Supplemental Authority, ECF Nos. [84], [85], [86], [101], and Plaintiffs filed two Notices of Supplemental Authority, ECF Nos. [92], [95]. Defendant filed a response to Plaintiffs' Second Notice of Supplemental Authority. ECF No. [96].

The Court referred the Motion to Magistrate Judge Jacqueline Becerra for a Report and Recommendation, ECF No. [77], who held a hearing on the Motion. ECF No. [93]. On July 25, 2023, Judge Becerra issued a Report and Recommendation, ECF No. [103] ("R&R"), recommending that the Motion be denied. Defendant timely filed objections to the R&R, ECF No.

[105] ("Objection"), and Plaintiffs timely filed their Response to the Objection, ECF No. [114]. The Court has considered the R&R, the Objection, a *de novo* review of the record and the applicable law, and is otherwise fully advised. For the reasons that follow, the Objection is overruled, and the Motion is denied.

I.  BACKGROUND

This is a breach of contract action for damages, interest, costs, and attorneys' fees. Plaintiffs' First Amended Complaint, ECF No. [65], filed on November 29, 2022, sets forth the following pertinent allegations. Defendant issued a commercial property insurance contract to Plaintiffs effective December 14, 2016 through December 14, 2017 ("Policy"). *Id.* ¶¶ 25, 26. On September 10, 2017, Plaintiffs filed a claim under the Policy for damage caused by Hurricane Irma to the Arlen House condominiums and clubhouse. *Id.* ¶¶ 30, 31. Defendant did not pay the claim or make a coverage determination. *Id.* ¶ 36.

On September 8, 2022, in accordance with the requirements of Florida Statute § 627.70152(3) (or "Presuit Notice Provision"), Plaintiffs filed a Notice of Intent to Initiate Litigation ("Notice") with the Florida Department of Financial Services. *Id.* ¶ 38. Section 627.70152 provides in pertinent part:

> **(1) Application.--**This section applies exclusively to all suits arising under a residential or commercial property insurance policy, including a residential or commercial property insurance policy issued by an eligible surplus lines insurer. . . .
>
> **(3) Notice.--**
>
> (a) As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. . . .
>
> (b) A claimant must serve a notice of intent to initiate litigation within the time limits provided in s. 95.11. However, the notice is not required if the suit is a counterclaim. Service of a notice tolls the time limits provided in s. 95.11 for 10

business days if such time limits will expire before the end of the 10-day notice period. . . .

**(5) Dismissal of suit.--**A court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required by this section or if such suit is commenced before the expiration of any time period provided under subsection (4), as applicable.

Fla. Stat. § 627.70152. On September 22, 2022, Plaintiffs filed their Complaint in state court. ECF No. [1-1]. Defendant removed the action to this Court on November 7, 2022. ECF No. [1].

On December 5, 2022, Defendant filed the Motion. ECF No. [70]. Defendant asserts the applicable statute of limitations, Fla. Stat. § 95.11, bars the claim because Plaintiffs filed their state court action on September 22, 2022, ten days after the expiration of the five-year statute of limitations deadline of September 12, 2022, based on Plaintiffs' allegation that the loss occurred on September 10, 2017.[1] Anticipating Plaintiffs' argument that Section 627.70152 tolled the statute of limitations, Defendant maintains Section 627.70152 cannot be applied retroactively because the provision affects the substantive rights of the parties. ECF No. [70] at 8-12 (citing ECF No. [65] ¶ 38). Plaintiffs respond that the application of the Presuit Notice Provision to this action is *prospective*, not retroactive, because the plain language of the statute "applies exclusively to all suits." ECF No. [80] at 8, 11-13. Alternatively, Plaintiffs contend that the statute does not impair the parties' vested rights but is merely a procedural step a policyholder must take to enforce its substantive rights under the policy. *Id.* at 13-17. Defendant replies that the provision's application is not prospective because the statutory language merely addressed the *type* of suits to which the Presuit Notice Provision applies, not to every suit involving insurance policies. ECF No. [81] at 3.    On December 15, 2022, the Court referred the Motion to Magistrate Judge

---

[1] Because the end of the limitations period fell on Saturday, September 10, 2022, the operative date is September 12, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that when any time period is stated in days or a longer unit of time, "if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday.").

Jacqueline Becerra for a Report and Recommendations ("R&R"). ECF No. [77].

### A. R&R

In her analysis, Magistrate Judge Becerra concluded that Plaintiffs' reliance on Section 627.70152 is a retroactive application of that provision, not a prospective application. Judge Becerra correctly recognized that, under Florida law, the statute that is in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract, not the statute in effect at the time a plaintiff files suit. ECF No. [103] at 7-9. Judge Becerra thus proceeded to consider whether a retroactive application is permissible under Florida law. *Id.* at 10. Relying on the Florida Supreme Court's decision in *Menendez v. Progressive Express Ins. Co.*, Judge Becerra explained that courts utilize a "two-pronged test" to determine whether a statute can apply retroactively – (1) whether the Legislature intended for the statute to apply retroactively, and (2) whether retroactive application would not "impair[] a vested right, create[] a new obligation, or impose[] a new penalty." *Id.* at 10 (citing *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 876 (Fla. 2010)).

Turning to the first prong of the *Menendez* test, Judge Becerra relied on a recent decision by the Florida Fourth District Court of Appeal in *Cole v. Universal Property & Casualty Insurance Company*, which held that the Florida Legislature expressed a clear intent for Section 627.70152 to apply retroactively on the grounds that the statute "'applies exclusively to *all suits* . . . arising under a residential or commercial property insurance policy . . . . ' [and] [t]hus, the statute applies to all suits." *Id.* at 11 (quoting *Cole v. Universal Prop. & Cas. Ins. Co.*, 363 So. 3d 1089, 1093 (Fla. 4th DCA 2023) (emphasis in case and alterations in original)).

Regarding the second prong, Judge Becerra noted that *Cole* did not expressly confine its holding to Section 627.70152(3)(a), so concluded that *Cole*'s holding "could be read to apply to the entire subsection of the statute" and is consistent with the statutory language since the two

4

subparagraphs of Section 627.70152(3) "work together—subparagraph (b) tolls the statute of limitations in those cases where an insured serves the presuit notice of intent to initiate litigation described in subparagraph (a)." *Id.* at 14-15. However, Judge Becerra doubted that *Cole* answered whether Section 627.70152(3)(b), the provision's tolling subparagraph, applies retroactively. *See id.* at 15. For that reason, Judge Becerra undertook an independent analysis.

Judge Becerra reasoned that Defendant did not have a vested right in the statute of limitations because the limitations period had not run before Section 627.70152 went into effect on July 1, 2021; since Defendant's right had not yet vested, "Section 627.70152(3)(b), as applied here, does not 'impair a vested right, create a new obligation or impose a new penalty," and thus is a procedural provision that may be applied retroactively. ECF No. [103] at 16-17 (citing *Corbett v. General Eng'g and Machinery Co.*, 37 So. 2d 161, 162 (Fla. 1948); *Walter Denson & Son v. Nelson*, 88 So. 2d 120, 122 (Fla. 1956)).

In reaching her conclusion, Judge Becerra distinguished a line of cases that held that Section 627.70152(3)(b) cannot be applied retroactively because, under the reasoning in *Menendez*, Section 627.70152 is substantive in nature. *Id.* at 16 n.8; *see, e.g., Oceana III Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, No. 22-cv-23681, 2023 WL 2196628, at *4 (S.D. Fla. Feb. 23, 2023) ("*Westchester I*") (finding that Section 627.70152 cannot be applied retroactively because it "substantially alters an insurer's obligation to pay and an insured's right to sue under the contract.") (citing *Rosario v. Scottsdale Ins. Co.*, No. 21-24005-CIV, 2022 WL 196528, at *1 (S.D. Fla. Jan. 21, 2022) (quoting *Menendez*, 35 So. 3d at 877, 879)). Judge Becerra determined that most of those cases were premised on the conclusion that *Menendez* holds that Section 627.70152(3)(a) and (4) are substantive provisions and that those cases no longer apply because *Cole* clarified that those provisions are procedural. ECF No. [103] at 16 n.8.

Judge Becerra concluded that *Cole*, as opposed to *Westchester* and like cases, is binding

5

under Eleventh Circuit case law and compelled her findings. *See id.* at 12-13 (citing *Ins. Co. of North Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991)). Judge Becerra also distinguished an order denying a motion for reconsideration in *Westchester*, a post-*Cole* decision in this district, pointing out that the court based its denial on several reasons apart from *Cole*, had not considered whether the tolling subparagraph was procedural or substantive under the facts of that case, and the insured's complaint in that case was untimely even if Section 627.70152(3)(b)'s tolling provision applied. ECF No. [103] at 16 n.8 (distinguishing *Oceana III Condo. Assoc., Inc. v. Westchester Surplus Lines Ins. Co.*, No. 22-cv-23681, 2023 WL 3943612, at *3 (S.D. Fla. June 12, 2023) ("*Westchester II*")).[2]

Judge Becerra therefore recommends the Motion be denied. *Id.* at 19.

### B. Defendant's Objection

In its Objection, Defendant contends that Judge Becerra erred as a matter of law in interpreting Fla. Stat. § 627.70152(3)(b), which states that "[s]ervice of a notice tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period." ECF No. [105] at 2. In addition, Defendant argues that Judge Becerra erroneously concluded that the tolling paragraph applies retroactively to the subject Policy by misapplying *Cole*, which did not address the precise question before this Court: whether Section 627.79152(3)(b) is retroactively applicable. *Id.* at 7. Defendant argues that *Corbett* and *Walter Denson,* the cases upon which Judge Becerra relied, are inapposite because those were workmen's compensation cases that stated a "general rule of law" regarding the power of the Florida legislature and did not involve an insurance contract. *Id.* at 12.

---

[2] Judge Becerra reasoned that her conclusion was consistent with *Cole*; that a contrary finding would lead to absurd results for insureds whose claims accrued after July 1, 2021, but who had less than ten days before to file suit under the statute of limitations; and Judge Becerra relied on the surplusage canon. *See id.* at 17-18.

6

In the alternative, even if the holding in *Cole* could be read as encompassing Section 627.70152(3)(b), Defendant contends that there is a "persuasive indication" that the Florida Supreme Court would decide the issue presented here differently. In Defendant's view, *Menendez* stands for the proposition that a statutory amendment that changes the statute of limitations for a lawsuit claiming breach of an insurance contract cannot be applied retroactively to an insurance policy issued before the new statute was enacted because such change is a substantive one. *Id.* at 8-11. For that reason, the Florida Supreme Court would hold, contrary to *Cole*, that Section 627.70152(3) cannot be applied retroactively. *Id.* at 13. Since *Cole* is either inapplicable or wrongly decided, the Court should follow *Menendez*.

Finally, Defendant asserts that the Court should follow *Westchester*, and a line of pre-*Cole* federal court cases, and that Section 627.70152 is a substantive statutory provision, because the pre-*Cole* federal cases show that "*Cole* was decided incorrectly even on the pre-suit notice issue." *Id.* at 15-17.

### C. Plaintiffs' Response

Plaintiffs urge the Court to adopt the R&R, asserting that Judge Becerra correctly concluded that *Cole*—a "game-changer" in Plaintiffs' view, ECF No. [114] at 8 n.3—is binding on the Court, and persuasive in "every aspect," requiring that the Motion be denied. *Id.* at 3, 6. Plaintiffs contend Defendant has not put forth any indication, let alone a persuasive one, that the Florida Supreme Court would decide the issues in *Cole* differently. *Id.* Plaintiffs maintain that Judge Becerra's independent analysis of the tolling provision is well-reasoned and correct. *Id.* at 3-4.

## II.  LEGAL STANDARD

### A.  Report and Recommendation

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J. R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### B.  Motion to Dismiss on Statute of Limitations Grounds

"Generally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *on reh'g*, 764 F.2d 1400 (11th Cir. 1985). Thus, "dismissal for failure to state a claim on statute of limitations grounds is appropriate 'only if it is apparent from the face of the complaint that the claim is time-barred.'" *Karantsalis v. City of Miami Springs, Fla.*, 17 F.4th 1316, 1319-20 (11th Cir. 2021)

(quoting *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018)). A court may dismiss a complaint as time barred "only if it appears beyond a doubt that Plaintiffs can prove no set of facts" showing the claims are timely. *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1080 (S.D. Fla. 2019) (quoting *Keira v. U.S. Postal Inspection Serv.*, 157 F. App'x. 135, 136 (11th Cir. 2005) (internal quotations omitted)).

### III. DISCUSSION

In this Court's *de novo* review, the central issue is "whether § 627.70152(3)(b) . . . applies retroactively to insurance policies issued before enactment of the statute." ECF No. [105] at 6. Section 627.70152 went into effect on July 1, 2021. *See* 2021 Fla. Sess. Law Serv. Ch. 2021-77, § 12.[3] "The question of whether a statutory change in the law should be applied retroactively is governed by state law." *Rivera v. Wal-Mart Stores E., LP*, No. 3:10-CV-956-J-20TEM, 2011 WL 7575393, at *2 (M.D. Fla. Jan. 13, 2011) (citing *Turner v. U.S.*, 514 F.3d 1194, 1199 n.3 (11th Cir. 2008)). Courts in Florida apply a two-pronged test to determine whether a statute should apply retroactively. *Menendez*, 35 So. 3d at 877. "First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles." *Id.*

More specifically, only procedural or remedial statutes, as opposed to substantive statutes, may be applied retroactively. *Maronda Homes, Inc. of Fla. v. Lakeview Rsrv. Homeowners Ass'n, Inc.*, 127 So. 3d 1258, 1272 (Fla. 2013). "[A] procedural law provides the means and methods for the application and enforcement of existing duties and rights." *Id.* "In contrast, a substantive law

---

[3] The statute was amended by the Florida Legislature in 2022. *See* 2022 Fla. Sess. Law Serv. Ch. 2022-268, § 16, effective May 26, 2022; and 2022 Fla. Sess. Law Serv. Ch. 2022-271, § 17, effective Dec. 16, 2022. However, those amendments did not affect the provisions in Section 627.70152 at issue here.

prescribes legal duties and rights and, once those rights and duties are vested, due process prevents the Legislature from retroactively abolishing or curtailing them." *Id.*

### A. Retroactive Application of Section 627.70152

Judge Becerra found that the application of Section 627.70152(3)(b) is not a prospective application. Defendant does not object to that finding, so the Court reviews that finding for clear error. *See Macort*, 208 F. App'x at 784. Judge Becerra reasoned the date of the loss in this case, not the date of the action, is determinative, and the date of the loss predates the enactment of Section 627.70152. *See* ECF No. [103] at 7-9. In making that finding, Judge Becerra relied on *Primenet Med. Mgmt. v. Scottsdale Ins. Co.*, No. 21-cv-62544, 2022 WL 18776092, at *2 (S.D. Fla. Feb. 11, 2022). *Id.* at *9. In *Primenet*, the court found the application of Section 627.7012 to the insured's claim was not a prospective application of the statute because the period of the insured's policy commenced prior to the effective date of Section 627.70152. *Primenet Med. Mgmt. v. Scottsdale Ins. Co.*, No. 21-CV-62544-PCH, 2022 WL 18776092, at *2 (S.D. Fla. Feb. 11, 2022). Thus, there is no clear error in Judge Becerra's conclusion that Plaintiffs seek to apply Section 627.70152(3)(b) retroactively.

### B. Legislative Intent

Judge Becerra concluded that the Florida legislature intended that the Presuit Notice Provision apply retroactively. Because Defendant does not object to that finding, the Court reviews that finding for clear error. *See Macort*, 208 F. App'x at 784. Judge Becerra relied on *Cole* for that determination. In *Cole*, the insured sustained damages to his property in November 2020 and submitted a claim to the insurer under his existing insurance policy. *Cole*, 363 So. 3d at 1091. The insured filed suit against the insurer for breach of contract in August 2021. *Id. Cole* explained that the insured "submitted his claim, but before [the insured] filed suit, the legislature enacted section 627.70152 . . . with an effective date of July 1, 2021." *Id.* The insured did not provide presuit

10

notice, as required by the provision, prior to filing suit. *Id.*

*Cole* held that the Florida Legislature expressed a clear intent for the statute to apply retroactively. *Id.* at 1093. *Cole* reasoned that the statute applies to all suits that implicate insurance contracts because the statute "applies exclusively to *all suits* . . . arising under a residential or commercial property insurance policy . . . ." *Id.* (quoting § 627.70152(1)) (emphasis in original). The court further held that the statute applies to all insurance policies, including those extant at the statute's effective date, because the statute further provides that "a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department" "[a]s a condition precedent to filing a suit under a property insurance policy[.]" *Id.* (quoting § 627.70152(3)(a)). Given that the plain meaning of the words "all suits" can mean including all suits involving insurance policies whose policy periods predate July 1, 2021, the Court finds no clear error in Judge Becerra's reasoning.

### C. Retroactive Application

Because Defendant objects to Judge Becerra's finding that Section 627.70152(3)(b) is a procedural statute, the Court reviews that finding *de novo*. *Menendez* explained that a statute may not be applied retroactively where such application violates any constitutional principles, even if the Florida Legislature clearly expressed an intent that it be so applied. *See Menendez*, 35 So. 3d 873. The question is thus whether Section 627.70152(3)(b) merely "provides the means and methods for the application and enforcement of existing duties and rights" or substantively prescribes duties and rights. *Maronda*, 127 So. 3d at 1272.

Relying on *Corbett* and *Walter Denson*, the R&R reasons that Section 627.70152(3)(b) impaired none of Defendant's vested rights because the Legislature can validly enlarge the time within which the instant action may be brought. *See* ECF No. [103] at 15-16. In *Corbett*, the injury at issue occurred in August 1946, the Legislature enacted a law effective July 1, 1947 that repealed

11

a one-year statute of limitations for workmen's compensation claims and enlarged the limitations period to two years, and a workmen's compensation claim for the injury was filed in October 1947. *Corbett*, 37 So. 2d at 880. The court held the October 1947 claim was not barred because "the one year statute was repealed [and] there was no law to bar the claim other than the newly enacted two years' law." *Id.* In so holding, the court stated that "a person has no vested right in the running of a statute of limitations unless it has completely run and barred the action." *Id.* at 881 (quoting *Davis & McMillan v. Indus. Acc. Comm'n*, 198 Cal. 631, 636, 246 P. 1046, 1048 (1926)). "Before the action is barred by the statute, the Legislature has absolute power to amend the statute and alter the period of limitations prescribed therein[.]" *Id.* (quoting *Davis & McMillan*, 198 Cal. at 637). Thus, "an amendment to a statute of limitations enlarging the period of time within which an action can be brought as to pending causes of action . . . does not impair any vested right." *Id.* (quoting *Davis & McMillan*, 198 Cal. at 637). *Walter Denson* is in accord with *Corbett*. *See Walter Denson & Son v. Nelson*, 88 So. 2d 120, 121 (Fla. 1956) (quoting *Davis & McMillan*, 198 Cal. at 637).

Here, Plaintiffs' properties suffered damage from Hurricane Irma on September 10, 2017. *See id.* ¶¶ 30, 31. The limitations period would have ended on September 12, 2022. However, Section 627.70152 became effective on July 1, 2021, before the end of the limitations period. Section 627.70152(b)(3) provides that a claimant must serve such a notice within the relevant limitations period, Fla. Stat. § 95.11, but further provides that the time limits in § 95.11 are tolled for ten business days where such time limits will expire before the end of the ten-day period. Consistent with that provision, Plaintiffs filed the Complaint in state court on September 22, 2022. ECF No. [1-1]. Under the interpretive approach described in *Corbett*, the instant action was not barred by the statute's enactment, the legislature had the power to extend the limitations period, and Defendant's rights were not impaired because they had not vested by the time Plaintiffs filed

12

suit. Thus, Section 627.70152(b)(3) is not a substantive statute and may be applied retroactively.[4]

However, *Corbett* is a workmen's compensation case that described the foregoing principle as a "general rule of law." *Corbett*, 37 So. 2d at 162. In Defendant's view, *Menendez* sets forth a more recent rule that pertains particularly to insurance contracts executed before the enactment of a statute, which requires the Court to follow *Menendez* versus *Corbett*. ECF No. [105] at 12. The Court disagrees. As Plaintiffs point out, Defendant appears to assume that no statutory provision involving an insurance policy can apply retroactively under *Menendez*. *See* ECF No. [105] at 12-13 ("[*Corbett* and *Nelson*] do not apply here because those cases did not involve the parties' rights under an insurance contract executed before the enactment of a new statute."). However, *Menendez* does not dictate the conclusion Defendant advances.

In *Menendez*, the insurer failed to pay personal injury protection (PIP) benefits to its insured after she was injured in an automobile accident. *Menendez*, 35 So. 3d at 874. The Florida Third District Court of Appeal reversed a judgment in her favor on the grounds that the insured failed to comply with a statute enacted after the date of the accident that placed additional requirements on an injured person seeking to recover PIP benefits before filing suit. *Id.* On appeal, the Florida Supreme Court held that the Third District erroneously concluded that the statute's presuit notice provision could apply retroactively. *Id.* at 876 ("We . . . hold that the Third District improperly concluded that the statutory presuit notice provision could apply retroactively to the existing policy and claim for benefits in this case."). The Florida Supreme Court stated the following regarding the statute at issue:

> the statute as amended in 2001 requires an insured to provide a presuit notice of

---

[4] That conclusion is bolstered by the plain language of Section 627.70152(b)(3), which states in part that "[a] claimant must serve a notice of intent to initiate litigation within the time limits provided in s. 95.11." Fla. Stat. § 627.70152(b)(3). That language appears to "encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion." *Haven Fed. Sav. & Loan Ass'n v. Kirian*, 579 So. 2d 730, 732 (Fla. 1991) (citation omitted).

>   intent to initiate litigation and provides an insurer additional time to pay an overdue claim. § 627.736(11)(a), (d), Fla. Stat. (2001). Second, the amendment mandates that the payment from the insurer must include interest and penalties not exceeding $250. § 627.736(11)(d), Fla. Stat. (2001). Third, if the insurer pays within the additional time provided by the statute, the payment precludes the insured from bringing suit for late payment or nonpayment and shields the insurer from a claim for attorneys' fees. *Id.* Finally, the amendment tolls the statute of limitations. § 627.736(11)(e), Fla. Stat. (2001).

*Id.* at 878 (footnote omitted). The Florida Supreme Court observed that "the most problematic provisions of the statute are those which (1) impose a penalty, (2) implicate attorneys' fees, (3) grant an insurer additional time to pay benefits, and (4) delay the insured's right to institute a cause of action." *Id.*

Notably, *Menendez* did not find that the amendment to the tolling provision was problematic. Instead, the Court held that the presuit notice provision in the at-issue statute, "when viewed as a whole, is a substantive statute." *Id.* at 879. *Menendez* thus held the amendment was not retroactively applicable because it contained substantive provisions, but *Menendez* did not discuss whether enlarging a limitations period is itself a substantive change.

To the extent that Defendant argues *Menendez* prevents retroactive application of *any* statutory provision involving an insurance policy, that argument is incorrect. As Plaintiffs correctly argue, although *Menendez* stated that "the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract," *Menendez*, 35 So. 3d at 876, the court made that statement as part of its initial evaluation of whether a retroactivity analysis was necessary at all. If the Florida Supreme Court had concluded the amendment here was procedural, it would have concluded the tolling provision applied retroactively in this case. *See id.* at 880 ("Based on our above analysis, we conclude that the statutory presuit notice provision is not 'procedural' and should not be given retroactive application.").

Since *Menendez* did not answer the precise question here, and because *Corbett* does not limit its reasoning to workmen's compensation claims, *Corbett* is persuasive that the tolling subparagraph is procedural and may be applied retroactively. On that basis, the Court finds Judge Becerra's R&R to be well-reasoned and correct.

The Court recognizes that there are cases in this district and others that have reached a contrary result and have held that Section 627.70152(3)(b) cannot be applied retroactively since Section 627.70152 is a substantive statute when viewed as a whole. *See, e.g.*, *Westchester I*, 2023 WL 2196628, at *4 (quoting *Rosario v. Scottsdale Ins. Co.*, No. 21-24005-CIV, 2022 WL 196528, at *2 (S.D. Fla. Jan. 21, 2022)) ("§ 627.70152 . . . substantively alters an insurer's obligation to pay and an insured's right to sue under the contract") (internal quotation marks omitted); *New Laxmi v. Rockhill Ins. Co.*, No. 22-23421-CIV, 2023 WL 2799885, at *3 (S.D. Fla. Feb. 28, 2023), *appeal dismissed sub nom. Laxmi v. Rockhill Ins. Co.*, No. 23-11066-D, 2023 WL 4306455 (11th Cir. May 19, 2023) ("This Court agrees with *Oceania III* and adopts its reasoning."); *Venetia Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, No. 22-23030-CIV, 2023 WL 2470897, at *3 (S.D. Fla. Feb. 28, 2023) (same). However, *Cole* distinguishes those cases for the following reasons.

First, as Judge Becerra correctly observed, those cases generally premised their reasoning on the conclusion that Section 627.70152(3) and (4) substantively impact the insured and insurer's rights and obligations, but *Cole* has clarified that those provisions are procedural. In *Westchester I*, the court explained that section 627.70152 is a substantive statute because it alters the claimant's rights in a manner that impacts the insurers obligations:

> As just one example, in response to a claimant's pre-suit notice pursuant to § 627.70152(3), § 627.70152(4) requires that an insurer "have a procedure for the prompt investigation, review, and evaluation of the dispute stated in the [claimant's] notice and must investigate each claim contained in the notice in accordance with the Florida Insurance Code." § 627.70152(3)(b)'s ten-day tolling

15

> provision is thus directly related to § 627.70152(4)'s specification that "[a]n insurer must respond in writing within 10 business days after receiving the notice specified in subsection (3)."

*Westchester I*, 2023 WL 2196628, at *4.

However, *Cole* explained that Section 627.70152(3)(a) and Section 627.70152(4) are procedural. *See Cole*, 363 So. 3d at 1093-94 ("Appellant complains about the presuit notification provisions in section 627.70152(3) . . . . Additionally, appellant complains that the insurer must respond within 10 business days. § 627.7152(4) . . . . None of these procedural provisions limits the potential recovery or remedy in any way."). Thus, under *Cole*, since Section 627.70152(3)(a) is procedural, it cannot be the case that Section 627.70152(3) is substantive when viewed as a whole, either by itself or in combination with Section 627.70152(4), unless the Court finds Section 627.70152(3)(b) itself is substantive. As *Corbett* suggests, Section 627.70152(3)(b)—as applied to this case—is not substantive.

Second, *Cole*'s reasoning demonstrates that *Menendez* should not be read as broadly as Defendant suggests. *Cole* explained that the PIP statute at issue in *Menendez* was a sweeping substantive change to Florida's Motor Vehicle No-Fault Law, one which unquestionably altered the rights and obligations between the insureds and insurers, a concern that is not evident here from *Cole*'s analysis. *Compare Rosario*, 2022 WL 196528, at *2 ("Based on the analysis in *Menendez*, and finding no opposition from Scottsdale, the Court reads the Florida Supreme Court's holding broadly and discerns no basis for not applying it in this case.") *with Cole*, 363 So. 3d at 1095 (concluding that considerations in *Menendez* are not implicated in Section 627.70152(3) on grounds that the PIP presuit provision at issue in *Menendez* involved a fundamentally different statutory framework, which includes a "swift and virtually automatic" right of the insured to recovery and the purpose of which is to provide insurance benefits without regard to fault and require motor vehicle insurance securing such benefits).

Turning specifically to the *Westchester* orders, the cases on which Defendant substantially relies, the Court first notes that *Westchester II* does not support Defendant's arguments. The court in *Westchester II* denied a motion to reconsider its finding that Section 627.70152(3)(b) has retroactive application. However, *Westchester II* found that *Cole* did not address the precise question here. The Court agrees with the court in *Westchester II* to that extent. By the same token, *Westchester II* was not presented with argument on whether the rule in *Corbett* applied to the court's interpretation of the tolling provision. Nor could such presentation be made in that case; as Plaintiffs correctly observe, the policyholders' complaint was untimely even if the ten-day tolling provision applied. *Westchester II*, 2023 WL 3943612, at *3 (S.D. Fla. June 12, 2023). Rather, *Westchester II* denied the motion to reconsider under the stringent standards of Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure, not the *de novo* standard of review the Court applies here, upon a procedurally deficient motion that the court did not "receive[] favorably[.]" *Id.* at *1. Defendant's reliance on that case is thus misplaced.

Regarding *Westchester I*, the Court must follow *Cole*, regardless of whether the Court believes *Westchester I* or another federal district court decision is a better reasoned decision, unless there is some persuasive indication that the Florida Supreme Court would decide the issue differently. As Judge Becerra correctly explained, "[i]t is well settled that federal courts are bound by the interpretation of a statute statute by state courts." ECF No. [103] (quoting *Lexow*, 937 F.2d 569, 571 (11th Cir. 1991) (citation omitted)). Also, "a federal court must adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Lexow*, 937 F.2d at 571 (citation omitted). The Court discerns no indication here. As discussed, *Menendez* did not address whether a statutory provision tolling a statute of limitations before the limitations period had run in a particular case was

17

substantive, so that case does not indicate persuasively the Florida Supreme Court would disagree with *Cole*.

Moreover, *Cole* analyzed a statute at the same level as *Menendez*: both *Menendez* and *Cole* considered a statutory subsection. *Compare Menendez*, 35 So. 3d at 876 ("The dispositive issue before this Court is whether section 627.736(11), Florida Statutes (2001), can be applied retroactively to an insurance policy issued prior to the enactment of the statute.") *with Cole*, 363 So. 3d at 1093 ("We find that the trial court did not err in dismissing appellant's complaint for failure to comply with the presuit notice requirements of section 627.70152(3)."). Thus, *Cole* did not depart from the interpretive framework that the *Menendez* court applied, and *Cole* carefully considered *Menendez* in distinguishing it from the statute at issue here. *Cole* is thus not clearly contrary to *Menendez*, so the Court is bound to follow *Cole*.

Because the reasoning in *Cole* supersedes the reasoning in *Westchester I* and holds that Section 627.70152(3) is procedural, and because the Court has not been apprised of any Florida case law undermining *Corbett*'s general rule that the Legislature may properly enact extensions of a statute of limitations, the Court finds that Section 627.70152(3)(b) may be applied retroactively in this case.

Defendant also relies on *Dozois* and cases in this district that rely on *Dozois* for the position that Section 627.70152(3) may not be applied retroactively. *See, e.g.*, *Dozois v. Hartford Ins. Co. of the Midwest*, 595 F. Supp. 3d 1204, 1207 (M.D. Fla. 2022). *Dozois* declined to follow Florida circuit courts in distinguishing *Menendez* on the ground that § 627.70152 does not provide the same right to immediate benefits as the statute in *Menendez*. *See Dozois*, 595 F. Supp. 3d at 1207. That is because *Dozois* concluded the Florida circuit courts had viewed the Presuit Notice Provision in isolation. *Id. Dozois* interpreted *Menendez* to require an analysis of other subsections, not just subsection (3), to determine whether the statute, when viewed as a whole, was substantive

in nature. *See id.* (analysis of subsections (3), (4), (5), and (8) of § 627.70152). However, this Court follows *Cole*, an intermediate state court decision, since the Eleventh Circuit instructs that district courts must follow state appellate courts absent a persuasive indication that a state supreme court would decide an issue different. As previously noted, *Cole*, like *Menendez*, analyzed *one* subsection, the precise one at issue here, and noted that "[o]ne provision that is substantive in scope does not act as a bar to enforcement of another provision that is able to be applied retroactively." *Cole*, 363 So. 3d at 1094 (*Lawnwood Med. Ctr., Inc. v. Seeger*, 990 So. 2d 503, 518 (Fla. 2008) (noting that provisions of a statute declared unconstitutional may be severed); *Leapai v. Milton*, 595 So. 2d 12, 15 (Fla. 1992) (finding procedural aspects of another statute "severable from the language creating the substantive right to attorney fees and costs")). Thus, even if other subsections in Section 627.70152 are substantive, *Cole* clarifies that a court must analyze whether one subsection is substantive. That determination is consistent with other Florida Supreme Court cases, which mandate that statutes be construed to avoid constitutional issues. *See, e.g.*, *State v. Adkins*, 96 So. 3d 412, 416-17 (Fla. 2012) ("In considering a challenge to the constitutionality of a statute, this Court is obligated to accord legislative acts a presumption of constitutionality and to construe challenged legislation to effect a constitutional outcome whenever possible.") (citation and internal quotation marks omitted); *Ray v. Mortham*, 742 So. 2d 1276, 1281 (Fla. 1999). *Dozois* does not indicate that the Florida Supreme Court would disagree with *Cole*, so the Court must follow *Cole*, which requires the Court to not follow *Dozois*'s interpretive approach.

The other cases in which Defendant finds support also rely on *Dozois*, and for that reason, the Court declines to follow those cases. *See Hershenhorn v. Am. Home Assurance Co.*, No. 2:21-CV-897-JES-MRM, 2022 WL 3357583, at *2 (M.D. Fla. Aug. 15, 2022) (following *Dozois*); *Williams v. Foremost Prop. & Cas. Ins. Co.*, 619 F. Supp. 3d 1161, 1166 (M.D. Fla. 2022) (same); *Broward Design Ctr., Inc. v. Scottsdale Ins. Co.*, No. 22-CV-60613-RAR, 2022 WL 1125787, at

*1 (S.D. Fla. Apr. 15, 2022) (same); *Baptist Coll. of Fla. Inc v. Church Mut. Ins. Co. SI*, No. 5:22CV158-MW/MJF, 2022 WL 20288956, at *3 (N.D. Fla. Aug. 31, 2022) (same); *Spyredes v. Scottsdale Ins. Co.*, No. 22-CV-60406-RAR, 2022 U.S. Dist. LEXIS 69176, at *2 (S.D. Fla. Apr. 14, 2022) (same); *Bharratsingh v. Lexington Ins. Co.*, No. 0:22-cv-60037-GAYLES/STRAUSS, 2022 U.S. Dist. LEXIS 142898, at *4 (S.D. Fla. Aug. 10, 2022) (same).[5]

Having considered the R&R, the Objection, and a *de novo* review of the record, the Court finds that the Motion must be denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The R&R, **ECF No. [103]**, is **ADOPTED.**

2. Defendant's Objection, **ECF No. [105]**, is **OVERRULED.**

3. Defendant's Motion to Dismiss, **ECF No. [70]**, is **DENIED**.

4. Defendant shall file an Answer to the Complaint by **September 25, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida on September 14, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[5] In *Carmel Townhouse Condominium Association v. Rockhill Insurance Company*, the court denied a motion to dismiss on the grounds that plaintiff failed to provide the defendant with presuit notice under Section 627.70152. *Carmel Townhomes Condo. Ass'n Inc. v. Rockhill Ins. Co.*, No. 22-CV-23437-SEITZ, 2022 U.S. Dist. LEXIS 215173, at *2 (S.D. Fla. Nov. 29, 2022). Plaintiffs' compliance with the presuit notice here is not in dispute.