UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23649-BLOOM/Becerra

ARLEN HOUSE CONDOMINIUM
ASSOCIATION, INC., and ARLEN
HOUSE WEST CONDOMINIUM
ASSOCIATION, INC,

      Plaintiffs,

v.

ROCKHILL INSURANCE COMPANY,
*et al*.,

      Defendants.

_____/

**OMNIBUS ORDER ON MOTION FOR LEAVE
TO AMEND COMPLAINT AND MOTION TO EXTEND DISCOVERY**

**THIS CAUSE** is before the Court upon Plaintiffs Arlen House Condominium Association, Inc. ("Arlen House") and Arlen House West Condominium Association, Inc.'s ("Arlen House West", together "Plaintiffs") Motion for Leave to Amend Complaint to Add a Party Defendant, ECF No. [118] ("Motion to Amend"), and Motion to Extend Discovery and Mediation Deadlines Pending Ruling for Leave to Amend Complaint to Add Party Defendant, ECF. No. [119] ("Motion to Extend Discovery"). Defendant Rockhill filed a Response, ECF No. [122]. The Court has considered the Motions and is otherwise fully advised. For the following reasons, the Motion to Amend is granted, and the Motion to Extend Discovery is granted.

In the Motion to Amend, Plaintiffs request that the Court grant Plaintiffs leave to amend the Amended Complaint, ECF No. [65], to add Liberty Surplus Insurance Corporation ("Liberty Surplus"), a party that Plaintiffs had named in its Complaint, ECF No. [1], but later removed based on Liberty Surplus's argument that the claim against it was not ripe. ECF No. [118] at 2. Plaintiffs

represent that, during the course of discovery, Defendant Rockhill Insurance Company ("Rockhill") provided copies of "Skinner Select" insurance policies Rockhill claims set forth additional terms of coverage for the Plaintiffs. *Id.* at 3.

Plaintiffs further represent that Rockhill has affirmatively indicated it has less than $10 million to satisfy the Plaintiffs' claim, and Rockhill maintains that the next layer of coverage, in the amount of $15 million, is set forth within the Market Appendix. *Id.* Moreover, Plaintiffs assert that records that Rockhill has provided show that its own hired independent adjusting firm set the net estimate of loss after application of wind deductible at over $17 million. *Id.* Thus, Plaintiffs argue that the matter is now ripe for the addition of Liberty Surplus given the probable threat of exhaustion of Rockhill's resources under the policy, as well as Liberty Surplus's previously acknowledged layer of coverage. *Id.*

Defendant Rockhill takes no position regarding the Motion to Amend but asserts that the Motion is futile based upon the applicable statute of limitations.

"District courts are required to 'enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings . . .'[.]" *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b)). "Such orders 'control the subsequent course of the action unless modified by a subsequent order,' . . . and may be modified only 'upon a showing of good cause.'" *Id.* (citation omitted). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* (citations omitted).

In this case, the Court entered an Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge, setting February 6, 2023 as the deadline for the parties to amend pleadings or join parties. ECF No. [71] at 2. Moreover, the Court entered an Order Amending Scheduling Order and Certain Pretrial Deadlines, which set the

Case No. 22-cv-23649-BLOOM/Becerra

deadline for the parties to complete discovery by January 17, 2024. ECF No. [108] at 2. Plaintiffs filed the Motion to Amend on December 15, 2023.

The Court finds that the probable threat of exhaustion of Rockhill's resources, together with the potential availability of another layer of insurance coverage, provides good cause for the Court to grant Plaintiffs' Motion to Amend. The Court finds that Rockhill's claim of futility does not change the result. An affirmative defense that the applicable statute of limitations bars the Plaintiff's claim is one to be asserted by the re-joined Defendant, Liberty Surplus, and not by Defendant Rockhill.

Accordingly, the Court amends the Scheduling Order and permits Plaintiffs to file a Second Amended Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Leave to Amend Complaint to Add a Party Defendant, **ECF No. [118]**, is **GRANTED**.

2. Plaintiffs shall separately file a Second Amended Complaint in accordance with the Local Rules. *See* S.D. Fla. L.R. 15.1.

3. Plaintiffs shall serve Liberty Surplus **by February 1, 2024**.

4. The parties have leave to reschedule mediation in accordance the schedule set forth below.

5. The Motion to Extend Discovery and Mediation Deadlines Pending Ruling for Leave to Amend Complaint to Add Party Defendant, **ECF No. [119]**, is **GRANTED**.

6. The Order Amending Scheduling Order and Certain Pretrial Deadlines, **ECF No. [108]**, is **AMENDED** as follows.

Case No. 22-cv-23649-BLOOM/Becerra

a. This case is set for trial during the Court's two-week trial calendar beginning on **August 12, 2024, at 9:00 a.m.**

b. Calendar call will be held at **1:45 p.m. on Tuesday, August 6, 2024**. No pre-trial conference will be held unless a party requests one at a later date and the Court determines that one is necessary. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 10-2 at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128**. The parties shall adhere to the following schedule:

| | |
|---|---|
| **April 2, 2024** | Parties exchange rebuttal expert witness summaries or reports. |
| **April 16, 2024** | All discovery, including expert discovery, is completed. |
| **April 30, 2024** | Parties must have completed mediation and filed a mediation report. |
| **May 8, 2024** | All pre-trial motions, motions *in limine*, and *Daubert* motions (which include motions to strike experts) are filed. **This deadline includes all dispositive motions.** |
| **July 29, 2024** | Parties submit joint pre-trial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable. |

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 5, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

4